UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BELL,

    Plaintiff,

v.

SHANA STARKS,

    Defendant.
_____/

Case No. 23-10074

F. Kay Behm
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF Nos. 17)

### I. PROCEDURAL HISTORY

This prisoner civil rights matter is referred to Magistrate Judge David R. Grand for all pretrial proceedings. (ECF No. 12). Plaintiff moved for the appointment of counsel and Judge Grand denied that motion. (ECF No. 16). Plaintiff filed a timely objection to Judge Grand's order. (ECF No. 17). Months later, Plaintiff filed additional objections combined with a second motion for appointment of counsel. (ECF No. 29).[1]

For the reasons set forth below, Plaintiff's objections are **OVERRULED**.

---

[1] The second set of objections was filed several months after Judge Grand issued his order denying counsel. It is untimely under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1) and will not be considered further.

## II.  STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law."  *Id*.  A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted).  A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently.  *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

**III.     ANALYSIS**

As Judge Grand explained, pursuant to 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, as he further explained, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). Judge Grand concluded that Bell had failed to demonstrate any exceptional circumstances meriting the appointment of counsel in this case. (ECF No. 16).

Plaintiff contends that Judge Grand's decision was based on the erroneous finding of fact that Plaintiff drafted his own pleadings. (ECF No. 17). Further, Plaintiff says that Judge Grand failed to acknowledge his argument that prison policy would impede him from identifying and contacting prisoner witnesses. *Id*. Even if accurate, the undersigned agrees with the Magistrate Judge that exceptional circumstances do not exist here and Plaintiff appears to have the ability to represent himself.

More specifically, the challenges described by Plaintiff are present in nearly every prisoner civil rights case and "the Sixth Circuit, following the holdings of the Supreme Court, has squarely rejected those considerations as necessitating appointment of counsel." *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009). Indeed, such typical challenges in presenting a prisoner civil rights case do not warrant the appointment of counsel. *See e.g.*, *Stewart v. United States*, 2017 WL 939197, at *1 (W.D. Tenn. Mar. 7, 2017) (finding appointed counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law' .... Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation"); *Coates v. Kafczynski*, 2006 WL 416244, at *1 (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments incident to prisoner litigation.").

Based on the foregoing, the court concludes that the Magistrate Judge's findings were not clearly erroneous nor was his decision contrary to law. Accordingly, Plaintiff's objections are **OVERRULED**.

**SO ORDERED**.

Date: April 22, 2024                                   s/F. Kay Behm
                                                       F. Kay Behm
                                                       United States District Judge