UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY BELL, | Case No. 23-10074 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| SHANA STARKS, | Hon. David R. Grand |
| Defendant. | U.S. Magistrate Judge |
| _____ / | |

**OPINION AND ORDER ON DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 69) AND PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 65, 66, 67)**

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Larry Bell ("Bell") is proceeding pro se. Before the court is Defendant Shana Starks' ("Starks") response to an order to show cause (ECF No. 69).

The court recently denied Defendant's motion for summary judgment (ECF No. 49) on Bell's Eighth Amendment claim, which alleges Starks was deliberately indifferent to Bell's serious medical need. (ECF No. 68). However, there was a procedural wrinkle not fully addressed in the various briefings on the report and recommendation. Bell had earlier moved to amend his original complaint (ECF No. 1),

1

and to that motion attached his full proposed amended complaint, which added more detailed factual allegations to his claims and, in addition to his Eighth Amendment complaint, added two state law claims for negligence and intentional infliction of emotional distress (IIED). *See* ECF No. 14. The Magistrate Judge granted the motion and ordered him to file that same document – the proposed amended complaint – separately. ECF No. 16, PageID.61. He never separately filed it, but Defendant Starks nonetheless appeared to treat it as his operative complaint in her motion for summary judgment (ECF No. 49), by repeatedly citing and referring to ECF No. 14 as Bell's amended complaint. *See, e.g.,* ECF No. 49, PageID.255. However, Starks did not move for summary judgment as to Bell's negligence or IIED claims. The Magistrate Judge also accepted the amended complaint as the operative pleading in his report and recommendation, noting that the negligence and IIED claims were live, even though Bell had never filed his proposed amended complaint separately on the docket as ordered in ECF No. 16. *See, e.g.*, ECF No. 62, PageID.453-54. Starks filed objections to the report and recommendation (ECF No. 64), again referring to ECF No. 14 as Bell's amended complaint, but again also not

2

addressing the negligence and IIED claims. To clarify the record, this court therefore ordered Defendants to either "waive any objection to accepting Plaintiff's amended complaint at ECF No. 14 as his operative complaint," and to therefore "file an answer to the amended complaint at ECF No. 14," or else explain why this court should not treat any objection to accepting Plaintiff's amended complaint at ECF No. 14 as his operative pleading "as waived by their reliance on ECF No. 14 in their motion and the lack of objections to the Magistrate Judge's treatment of ECF No. 14 as Bell's operative pleading." ECF No. 68, PageID.519-20.

In response to that order, Starks objects to treating the amended complaint ECF No. 14 as Bell's operative complaint. The court therefore addresses her objections (ECF No. 69).

First, Starks says she never treated ECF No. 14 as the operative pleading; she simply "used the allegations contained in Bell's proposed complaint because they were more developed and laid out in paragraph form, as opposed to the single page of allegations in the original complaint. (*See* ECF No. 1, Cplt., PageID.4; *cf*. ECF No. 14, Prop. Am. Cplt., ¶¶7-15, PageID.46-47.)" ECF No. 69, PageID.527-28. Further,

3

"the factual allegations made in it were useful in her motion because they were verified statements made by Bell pursuant to 28 U.S.C. § 1746 and declared under penalty of perjury. (ECF No. 14, Prop. Am. Cplt., PageID. 49.)"  The court overrules that objection.  Starks' motion for summary judgment contained not a single citation to Bell's initial complaint (ECF No. 1) and referred to and cited ECF No. 14 repeatedly as Bell's amended complaint, not a "proposed" amended complaint.  *See generally* ECF No. 49.  And if Starks meant her citations to the amended complaint to only mean that she was relying on those factual assertions but not treating the document as an operative pleading, then she had an opportunity to clarify her position; the Magistrate Judge clearly treated the amended complaint in ECF No. 14 as Bell's operative pleading in the report and recommendation to this court when he stated that Bell had pleaded state law claims.  ECF No. 62, PageID.453-54 ("Bell also asserts claims of negligence and intentional infliction of emotional distress, and asks for substantial compensatory and punitive damages.").  In her objections to that report and recommendation, Starks again cited the document at ECF No. 14 as Bell's amended complaint, did not mention ECF No. 1, and never brought up the

Magistrate Judge's characterization of Bell's state law claims.  *See* ECF No. 64, PageID.484 (citing "ECF No. 14, Am. Cplt.").  If Starks meant to treat ECF No. 14 only as evidence and not as Bell's operative amended complaint, Starks had the opportunity to make that clear in her briefings and/or object to that portion of the Magistrate Judge's report and recommendation.

Second, Starks argues that Bell "has not raised the issue of the state law claims in any of his filings since the motion for summary judgment," and "proceeded as though his Eighth Amendment claim was the only active one. (*See* ECF No. 53, Pl. Resp. to Mot. Summ. J., PageID.380.)".  ECF No. 69, PageID.526, 529.  Starks continues, "The fact that a litigant is proceeding pro se does not absolve him from the requirements of the Federal Rules of Civil Procedure."  ECF No. 69, PageID.530 (quoting *Fannie Mae v. Daniels*, 2012 U.S. Dist. LEXIS 128639, *4 (W.D. Tenn. Sept. 11, 2012) (citing *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1988)).  The court overrules that objection.  A party is free to move for summary judgment only on some claims and not all, and the moving party has the burden to prove that they are entitled to judgment as a matter of law; the non-moving party does not have a

burden to identify all possible grounds for judgment against them in their response.  *See* Fed. R. Civ. P. 56(a).

Third, Starks argues that, if the court finds that Starks was obligated to address Bell's claims, waiver is an improper term and the situation would be better characterized as forfeiture of her right to object.  "A forfeiture occurs when a party fails to timely assert a claim, even if the party does so unintentionally (say, because the party failed to think of the claim until too late)." *Bannister v. Knox Cnty. Bd. Of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022) (citing *United States v. Montgomery*, 998 F.3d 693, 698 (6th Cir. 2021).  "In short, the difference between a waiver and forfeiture is the difference between intent and neglect." *Id*.  The court sustains the objection as to the terminology; the situation is probably better described as a form of inadvertent omission on Starks' part than intentional waiver. *Montgomery*, 998 F.3d at 698 ("If a defendant fails to object to a district court's ruling at trial, for example, he forfeits the argument."); *but see also id.* (citing *United States v. Barrow*, 118 F.3d 482, 490 (6th Cir. 1997) ("[T]he doctrine of 'invited error' [] holds that a party may not complain . . . of errors that

6

he himself invited or provoked the court or the opposite party to make.").

More to the point, Starks argues that, because the error was inadvertent, if "this Court deems ECF No. 14 the operative complaint, then judicial economy and fairness dictate that Starks should be able to respond by filing a motion for summary judgment on the state law claims." ECF No. 69, PageID.530. The court also sustains that objection. The court agrees that Defendant should have the opportunity to move for judgment as to Bell's state law claims to (potentially) streamline the issues at trial, and grants Defendant leave to file a second motion for partial summary judgment on Bell's state law claims.

**IT IS ORDERED** that the proposed amended complaint in ECF No. 14 was made Bell's operative complaint when all parties and the Magistrate Judge proceeded by treating it as such. The court is cognizant of the need for all litigants to follow court orders, *see, e.g.*, *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) – nonetheless, Bell is a prisoner-plaintiff proceeding pro se and his filings are entitled to some amount of latitude that would not be afforded to lawyers. Further, Starks contributed to this situation when Starks relied on Bell's

7

amended complaint in her motion. *See Barrow*, 118 F.3d at 490. Defendant further forfeited her right to object to treating the proposed amended complaint as operative, despite Bell's failure to comply with the order to separately file that pleading, when she failed to object to the Magistrate Judge's treatment of the amended complaint as the operative complaint. *See Montgomery*, 998 F.3d at 698; *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) (in objecting to a report and recommendation, "making some objections but failing to raise others will not preserve all the objections a party may have"). For all these reasons, the court overrules the present objections and adopts the Magistrate Judge's decision to treat Bell's amended complaint in ECF No. 14 as his operative pleading. *See DJM Logistics, Inc. v. FedEx Ground Package Sys.*, 39 F.4th 408, 415 (7th Cir. 2022) (Although they do not have "unbridled license" to clearly disregard court orders, "[p]ro se litigants should be granted appropriate latitude in their dealings with courts and counsel . . . .").

**IT IS FURTHER ORDERED** that Starks shall file an answer to the amended complaint within 14 days.

**IT IS FURTHER ORDERED** that Starks is granted leave to file a motion for partial summary judgment as to Bell's state law claims only, and shall have 30 days from the date of this order to file that motion.

Also before the Court is Bell's motion for appointment of counsel, (ECF No. 67). The court **DENIES** ECF Nos. 65 and 66 as duplicative. The court **GRANTS IN PART** and **DENIES IN PART** Bell's motion for appointment of counsel (ECF No. 67). Defendant has indicated she is likely to file a second motion for partial summary judgment, and the court declines to appoint counsel for purposes of that motion; as with Starks' original motion, Bell will need to defend that motion without the assistance of an attorney. However, the court plans to appoint pro bono counsel on Bell's behalf after Defendant's second motion for partial summary judgment is resolved or in the event that none is filed, for the purpose of trial and other remaining pretrial proceedings.

**SO ORDERED**.

Date: March 25, 2025     <u>s/F. Kay Behm</u>
                         F. Kay Behm
                         United States District Judge