UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BELL,                                              Case No. 23-10074

      Plaintiff,                                       Hon. F. Kay Behm
v.                                                       United States District Judge

SHANA STARKS,                                            Hon. David R. Grand
                                                                U.S. Magistrate Judge

      Defendant.
_____ /

**ORDER ON PENDING MOTIONS (ECF Nos. 72, 74, 75, 76, 77, 78)**

      This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Larry Bell ("Bell") is proceeding pro se.  Before the court are Bell's motion for the court to accept his amended complaint (ECF No. 72), Plaintiff's motion to strike Defendant's objections to a report and recommendation (or possibly a response to Defendant's objections) (ECF No. 74), Plaintiff's motion for settlement conference (ECF No. 75), Defendant's second motion for summary judgment on Bell's state law claims (ECF No. 76), Plaintiff's "Motion for Plaintiff's Response in Opposition to Defendant's Partial Summary Judgment on State Law Claims" (ECF No. 77), and Plaintiff's "Response" to Defendant's Answer (ECF No. 78).  The court issues this order to clarify the record and put

1

the parties on notice of what filings the court will consider related to Defendant's pending motion at ECF No. 76.

First, the court has already ruled on accepting the amended complaint as Plaintiff's operative pleading (ECF No. 70) and has effectively granted the requested relief. Bell's motion regarding his amended complaint (ECF No. 72) is therefore **DENIED** as moot. Similarly, the court has already ruled on Defendant's objections to the report and recommendation and denied summary judgment to Defendant on Bell's Eighth Amendment claim (ECF No. 68). Bell's motion to strike those objections (ECF No. 74), construed as a response to those objections, is thus **DENIED** as untimely and moot. Bell's motion for settlement conference (ECF No. 75) is **GRANTED IN PART.** The court has already indicated that it plans to seek pro bono counsel for Bell after resolving Defendant's motion at ECF No. 76 for the purpose of trial and remaining pretrial proceedings (ECF No. 70). Among those remaining pretrial proceedings will be a settlement conference. The court prefers to wait until Defendant's second motion for summary judgment (ECF No. 76) is resolved, and counsel is sought on Bell's behalf, before ordering all parties to attend a settlement

2

conference. The parties are, of course, welcome to engage in private negotiations prior to that date without waiting for the court's order.

As to Bell's latest motion (ECF No. 77), the court issues this order to clarify the briefing on Defendant's Motion for Partial Summary Judgment (ECF No. 76). Bell's filing at ECF No. 77 is titled as a "motion for Plaintiff's response" to Defendant's motion for summary judgment, but was written before Defendant's motion was filed. *See* ECF No. 77, PageID.604 (Plaintiff's "Response" dated April 16, 2025); ECF No. 76 (filed April 24, 2025). Although titled in part as a "response," given the timing of when it was written, the court would ordinarily decline to construe this filing as a response to Defendant's Motion (ECF No. 76, Motion for Partial Summary Judgment as to state law claims). However, in some portions of that filing, Bell does address his claims for negligence and intentional infliction of emotional distress. ECF No. 77, PageID.601-03.[1] ECF No. 77 could thus be fairly construed as a motion for partial summary judgment, but it would be untimely.

---

[1] Bell also makes arguments regarding deliberate indifference and qualified immunity, which are untimely and moot because the court ruled on those issues in ECF No. 68.

3

Because that motion, although untimely, may fairly represent Bell's substantive arguments as to his state law claims, it is **ORDERED** that:

If Plaintiff intends to file a response to Defendant's Motion for Summary Judgment on Plaintiff's State Law Claims (ECF No. 76), a response must be <u>received</u> by the court <u>on or by May 30, 2025</u>. Any document that is titled as a response, or could be construed as a response, that is received after that date will be treated as untimely and will not be considered by the court. A document that is titled "Response to Defendant's Motion for Partial Summary Judgment" or with a substantially similar title will be treated as Plaintiff's substantive response to ECF No. 76 and shall supersede and replace all his prior filings which could be construed as a response, including ECF No. 77. Such document should address all of Plaintiff's substantive arguments on his state law claims. If multiple documents so titled are received, the <u>first</u> document received by the court shall control, and no subsequent filings will be considered.

If Plaintiff does <u>not</u> file a response to Defendant's Motion (ECF No. 76) on this docket by May 30, 2025, Defendant should treat ECF No. 77 as Plaintiff's substantive response to the Motion at ECF No. 76,

because although it was written prior to their motion, the court will construe the document to represent Bell's arguments as to his state law claims.

It is **FURTHER ORDERED** that as far as Plaintiff's Motion at ECF No. 77 can be construed as Bell's own motion for partial summary judgment, it is untimely and **DENIED** as such.

The court notes that Plaintiff's "Response" to Defendant's Answer (ECF No. 78) is not a motion, but as far as it could be construed as a relevant filing, the court will not consider it a response to Defendant's Motion (ECF No. 76) because it too was written before Defendant's motion was ever filed, and as indicated above, the court will consider Plaintiff's motion at ECF No. 77 as the relevant filing. *See* ECF No. 78, PageID.611 (signed April 18, 2025). The court will take no further action on the filing at ECF No. 78, nor consider it in ruling on Defendant's motion at ECF No. 76.

**SO ORDERED**.

Date: May 2, 2025                     s/F. Kay Behm
                                      F. Kay Behm
                                      United States District Judge