UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LARRY BELL #880812,

 Plaintiff,       NO. 4:23-cv-10074

v             HON. MATTHEW F. LEITMAN

CMO SHANA STARKS,    MAG. DAVID R. GRAND

 Defendant.

_____

Larry Bell
Indiana DOC #119910
*In Pro Per*
New Castle Correctional Facility
P.O. Box A
New Castle, IN 47362

Michael R. Dean (P71333)
Assistant Attorney General
Attorney for MDOC Defendant Starks
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
_____/

**DEFENDANT'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS (ECF NO. 76)**

Defendant Starks filed a motion for summary judgment as to Plaintiff Bell's state law claims on the grounds that Bell failed to state claims of gross negligence or intentional infliction of emotional distress. (ECF No. 76, Mot. Summ. J.)  Bell's response to the motion merely restates claims made in his amended complaint without bringing

forward any new argument to refute the motion. (ECF No. 81, Resp.) This Court should grant Stark's motion for summary judgment on Bell's state law claims.

I.  **Bell has failed to establish that Starks' alleged comment was the proximate cause of his injury.**

In response to Defendant Starks' motion for summary judgment, Bell simply restates the allegations he made in his amended complaint and fails to address the argument in the summary motion that Starks' actions were not the proximate cause of his injury. (*See* ECF No. 81, Resp., PageID.621-23.) This Court should grant Starks' motion for summary judgment on Bell's state law claim of gross negligence.

When Bell does cite to case law, it addresses his Eighth Amendment claim instead. Bell states that "[s]uicidal tendencies, constitute[] a serious medical need. (*See id.*, PageID.622) (citing *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020); *Horn v. Madison Cty. Fiscal CT*, 22 F.3d 65, 660 [sic] (6th Cir. 1994).

Bell does not address the gross negligence argument that, in cases involving suicide where the plaintiff has alleged gross negligence on the part of a state official, Michigan courts have consistently held that "the

one most immediate, efficient, and direct cause of [a decedent's] death was his own conduct." *Cooper v. Washtenaw Co.*, 270 Mich. App. 506, 509 (Mich. App. Apr. 4, 2006). Bell also does not address the holding in *Perez v. Oakland County*, 2007 Mich. App. LEXIS 925 (Mich. App. Mar. 27, 2007), where the Michigan Court of Appeals followed the holding in *Cooper* and held that a jail employee was not "the" proximate cause of the decedent's suicide in an Oakland County Jail cell and, therefore, the employee was entitled to governmental immunity. *See id.*, at *7-8 ("Applying *Cooper* to the facts requires the determination that regardless of her behavior, [defendant's] conduct cannot be the proximate cause of plaintiff's decedent's death when, even if foreseeable, it was not the 'most immediate, efficient, and direct cause preceding' the injury.") (emphasis in original).

Bell's claim fails, as a matter of law, since Starks' alleged conduct was not *the* proximate cause of his alleged injuries. Under Michigan law, it is clear that "the one most immediate, efficient and direct cause" of Bell's injuries was him self-harming with a sharp metal object. Therefore, Bell's state law gross negligence damage claim against

Starks is barred by governmental immunity and summary judgment is warranted.

## II. Bell fails to state a claim of intentional infliction of emotional distress because he fails to demonstrate that Starks intended to cause him emotional distress or that he suffered severe emotional distress.

This Court should also dismiss Bell's state law claim for intentional infliction of emotional distress (IIED) because he fails to address the legal claim in response to the motion for summary judgment. Bell argues that "Plaintiff was [in] emotional distress in which compensatory damages are available when feeling hopelessness, pain, and suffering." (ECF No.81, PageID.623.) Bell then argues that "Defendant was clearly deliberately indifferent to my serious medical need." (*Id.*)

Bell does not address the elements of an IIED claim. Of note, he does not address the first two elements that Defendant engaged in "extreme and outrageous conduct," and "intended to subject Plaintiff to severe emotional distress." (*See* ECF No. 76, Mot. Summ. J., PageID.585.)

An IIED claim demands a "formidable threshold for extreme and outrageous conduct." *Atkinson v. Farley*, 171 Mich. App. 784, 789 (Mich. App. 1988).  The *Atkinson* court held that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*.  In terms of insults, the court held that "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.*

That threshold has not been met here.  Bell's response states that "Defendant was negligen[t] with her actions an[d] conduct." (ECF No. 81, Resp., PageID.623.)  Bell also states, "I informed Defendant she ignored a known obvious risk, ignored protocols policy and procedure, intentionally tried to get Plaintiff to take his own life.  Defendant did meet the intentional infliction of emotional distress claim." (*Id.* at PageID.622.)

Bell's claim of emotional distress does not stand up as he alleges that the failure to intervene earlier led to his self-harm, not Starks' comment to him.  In addition, Starks' comment was not so severe as to

be intolerable, because it was merely a single comment that is not intolerable for a reasonable person to bear.  "[The] law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and duration of the distress are factors to be considered in determining its severity." *Dickerson v. Nichols*, 161 Mich. App. 103, 107 (Mich. App. 1987).

## CONCLUSION AND RELIEF REQUESTED

There is no genuine issue of material fact that Defendant Starks was grossly negligent or intentionally inflicted emotional distress on Bell.  Therefore, this Court should grant summary judgment as to Bell's state law claims.

Respectfully submitted,

/s/ *Michael R. Dean*
Assistant Attorney General
Attorney for MDOC Defendant Starks
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
(517) 335-3055
Deanm2@michigan.gov
P71333

Dated:  June 2, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, and mailed same via US Postal Service to the following Non-ECF Participant:

Larry Bell
Indiana DOC #119910
New Castle Correctional Facility
P.O. Box A
New Castle, IN 47362

/s/ *Michael R. Dean*
Assistant Attorney General
Attorney for MDOC Defendant Starks
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
(517) 335-3055
Deanm2@michigan.gov
P71333