UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY BELL, | Case No. 23-10074 |
|     Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| SHANA STARKS, | Hon. David R. Grand |
| | U.S. Magistrate Judge |
|     Defendant. | |
| _____ / | |

## ORDER GRANTING MOTION TO REOPEN LIMITED DISCOVERY (ECF No. 98)

This is a prisoner civil rights case under 42 U.S.C. § 1983. Before the Court is Bell's motion to reopen limited discovery (ECF No. 98), which followed the appointment of counsel on Bell's behalf.

The parties report general concurrence on most of the issues presented in the motion, and at a hearing indicated disagreement as to only a few particular issues: written discovery as to Starks' personnel file, the length of three depositions, and the length of time that discovery will be reopened.

Upon consideration of the parties' arguments, the court finds good cause to reopen limited discovery, the motion is **GRANTED** in accordance with the below, and it is therefore **ORDERED** that:

1

1) Discovery is reopened until January 8, 2026, limited to at most the issues explained in (a) through (k) in Plaintiff's motion (ECF No. 98, PageID.709-10), and the depositions of (1) Defendant, (2) Corrections Officer Durand Jones, and (3) Billy Joe Hammon, an incarcerated witness to the incident, if he can be located.

2) Defendant's request to limit the length of her own deposition to 4 hours is **DENIED**; the request is **GRANTED**, however, as to the depositions of Jones and Hammon, and those two depositons shall be limited to 4 hours.

3) The Case Management Order (Phase II) is adjusted as follows:

| EVENT | CURRENT DEADLINE | NEW DEADLINE |
| --- | --- | --- |
| All Other Motions, Including Motions in Limine | December 23, 2025 | January 20, 2026 |
| Settlement Conference | Scheduled for December 12, 2025 | To occur before February 5, 2026; the court takes no position on rescheduling the current date |
| Joint Final Pretrial Order | December 23, 2025 | January 20, 2026 |
| Proposed Jury Instructions | January 29, 2026 | January 29, 2026 |
| Final Pretrial Conference | February 5, 2026 at 1:00 P.M. | No change |
| Trial - Jury | March 3, 2026 at 9:00 A.M. | No change |

As for the discovery in issues (a) through (k), at this time it appears the court does not need to weigh in on written discovery

disputes. *See* ECF No. 100, PageID.739.[1] Plaintiff should proceed with all haste in issuing the necessary subpoenas to get written discovery from third parties as necessary; Defendant should make all efforts to promptly respond to those subpoenas. The parties should make every effort to resolve disputes over, for example, the extent of the personnel file that is discoverable before turning to the court for resolution.

If the parties at any point require additional clarification on the terms of this order, they are instructed to first consult with one another to try and come to an agreement, and if an order of the court is needed to clarify or modify any terms of this order, the parties should submit a stipulation and proposed order using the Utilities function. If no agreement or stipulation is reached, the parties should reach out to the court as soon as possible and be prepared to submit short statements (*briefly* explaining the disagreement, their position on the issue, and requested relief) to the court regarding the dispute prior to meeting

---

[1] If the court has misunderstood Defendant's representations regarding the scope of (a) through (k), the parties should construe this order as granting limited discovery according only to what they had agreed on (i.e. if Plaintiff had agreed not to pursue any particular items, that agreement should not be considered abrogated by this order).

3

with the court. Motions to compel should be a matter of last resort, and the court may expedite the briefing schedule for any such motion.

The court is aware of defense counsel's ongoing concerns regarding the pending motion to withdraw (ECF No. 95); in accordance with the instructions to Defendant and defense counsel made in an ex parte proceeding on November 10, 2025, that matter is adjourned for two weeks and the parties, including Defendant herself, should refer to the docket for an updated notice of hearing on that matter.

**SO ORDERED**.

Date: November 12, 2025         s/F. Kay Behm
                                F. Kay Behm
                                United States District Judge