UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BELL #880812,

    Plaintiff,

v

CMO SHANA STARKS,

    Defendant.

NO. 4:23-cv-10074

HON. F. KAY BEHM

MAG. DAVID R. GRAND

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the parties' stipulation, the Court being fully apprised in the premises,

**IT IS HEREBY ORDERED** as follows:

1.     **Scope.** All materials produced or adduced in this Court of this action, including during discovery, including but not limited to responses to requests for discovery, deposition testimony, exhibits, and information or materials derived therefrom (collectively, "documents"), shall be subject to this order concerning Confidential Information or Attorney Eyes Only Information as defined below. This order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure.

2.  **Confidential Documents**. When used in this order, "Confidential Documents" mean documents of a type contemplated by Fed. R. Civ. P. 26(c) that a party, in good faith, regards as confidential, proprietary, trade secret(s), or other sensitive business or personal information, including medical records.

3.  All confidential documents, as that term is defined by Paragraph 2, shall be used solely for the prosecution and/or defense of this action, including any appeal(s) resulting from this action.

4.  The parties and counsel for the parties shall not disclose or permit the disclosure of any confidential information to any person currently or formerly under the jurisdiction of the MDOC except as detailed in Paragraphs 4a and 4h below, copies of the records shall not be provided to or discussed with them without MDOCs' permission granted pursuant to this order. Except as provided in Paragraphs 5 and 11, no document designated as confidential, and no information contained in a confidential document, may be disclosed to any person other than:

    a.  The parties, except that Plaintiff, Larry Bell, may review but is not permitted to possess, retain, copy, or reproduce confidential information;

b.    Counsel for the parties;

c.    Secretaries, paralegal, assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

d.    The Court and its personnel;

e.    Persons noticed for deposition, or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action), subject to the provisions of Paragraph 13;

f.    Any facilitator/mediator who the parties have agreed to use in this case or ordered by the Court; or

g.    Court reporters used in this case.

h.    Prisoner Witnesses and Prisoner Witnesses at Deposition. Witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not possess or retain a copy of documents containing Confidential Information, except witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this order. Witnesses may review copies of exhibits, including grievances and attachments if redacted for names and personally identifying information of victims. No copies shall be retained. The redaction shall be approved by both parties prior to the witnesses' review.

5. Except for the parties, counsel for the parties in this action, and their employees, secretaries, and paralegals, and the Court and its employees covered by the provisions of Paragraph 4a, 4b, 4c, and 4d, disclosure to other persons shall be made only upon the condition that the party disclosing the confidential document or information shall inform the person that he or she: (a) shall not use, directly or indirectly, any information from any confidential documents for purposes other than the prosecution or defense of this action; (b) shall not copy or duplicate, in any form, any confidential documents or information from any confidential documents; or (c) disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

6. **Confidential or Attorney Eyes Only Information Subpoenaed or Ordered to be Produced in Other Litigation.**

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Attorney Eyes Only Information, the receiving party must so notify the MDOC, in writing, immediately and in no event more than three business days

after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this order. In addition, the receiving party must deliver a copy of this order promptly to the party in the other action that caused the subpoena to issue. The receiving party shall not produce the Confidential or Attorney Eyes Only Information without order from this Court or from another court of competent jurisdiction.

7. **Attorney Eyes Only Information**. When used in this order, "Attorney Eyes Only Information" means documents, other material, or information designated as "ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the producing party or non-party that falls within the following categories: (a) documents, other material, or information whose disclosure presents a danger to the security interests of the Michigan Department of Corrections; (b) information that endangers public safety; or (c) information that reveals personal identifying information of an employee or former

5

employee of the Michigan Department of Corrections (other than their name).

8. All Attorney Eyes Only Information, as that term is defined by Paragraph 7, shall be used solely for the prosecution and/or defense of this action, including any appeal(s) resulting from this action.

9. Except as provided in Paragraphs 10 and 11, no document, materials, or information designated as Attorney Eyes Only information may be disclosed to any person other than:

    a.    Counsel for the parties;

    b.    Secretaries, paralegal assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

    c.    The Court and its personnel;

    d.    Any facilitator/mediator who the parties have agreed to use in this case or ordered by the Court;

    e.    Any outside consultants and experts retained for the purpose of assisting in the in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action), subject to the provisions of Paragraphs 12 and 13; or

10. Attorney Eyes Only Information may be disclosed to the following persons with notice to the party producing the Attorney Eyes Only Information:

      a.    Persons noticed for deposition, but only during the deposition, unless they are one of the individuals enumerated in preceding Section 9;

      b.    A court reporter who is making a record of a deposition if the information is referenced during the deposition.

11. Except for the counsel for the parties in this action, and their employees, secretaries, and paralegals covered by the provisions of Paragraph 9a and 9b, or the Court and its personnel covered by the provisions of Paragraph 9c, disclosure to other persons shall be made only upon the condition that the party disclosing the Attorney Eyes Only document or information shall inform the person that he or she: (a) shall not use, directly or indirectly, any information from any Attorney Eyes Only documents for purposes other than the prosecution or defense of this action; (b) shall not copy or duplicate, in any form, any Attorney Eyes Only documents or information from any Attorney Eyes Only documents; or (c) disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

12. Persons covered by the provisions of Paragraph 4e, Paragraph 9e, and Paragraph 10a should immediately turn over any confidential documents or Attorney Eyes Only Information to the

producing party once their reason for the disclosure has been satisfied. If any information or contents of a confidential document or Attorney Eyes Only Information are disclosed in a deposition or court proceeding, (1) either party may designate that a portion of the deposition transcript be designated as Attorney Eyes Only Information, and (2) the court reporter may retain a copy of the confidential document or Attorney Eyes Only Information along with any transcript(s) of the deposition subject to the provisions of Paragraph 11  Nothing in this paragraph shall prevent counsel for the parties from obtaining a copy of any transcripts of a sealed deposition.

13. Documents produced or information covered by this Protective Order shall be made available only to persons authorized by this Protective Order.  Nothing in this Order shall prevent a party from using any Attorneys Eyes Only or Confidential Material in any court filings, during a hearing, or at trial.  If any party proposes to or intends to use such material, that party shall give reasonable notice, based on the circumstances, to the designating party of such intended use to allow the designating party an opportunity to petition the Court to institute appropriate procedures to maintain the confidentiality of the

materials to be used as provided in the Federal Rules of Civil Procedure. The party designating the document as Confidential pursuant to this order may waive the confidentiality designation at any time by providing written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding on the record.

14. **Challenges to Confidentiality.** A party may challenge the designation of confidentiality or attorneys' eyes only by motion. The movant must accompany such a motion with the statement required by Fed. R. Civ. P. 37(a)(1). The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. Until the Court rules on the challenge, all parties shall continue to treat the materials as confidential under the terms of this Order.

15. Nothing in this order shall prevent any party or nonparty from seeking modification of this Protective Order, or from changing or from objecting to discovery that it believes to be otherwise improper.

16. Neither party will rely on this stipulation, which is given solely to forward discovery and potentially avoid unnecessary motion practice, as a basis to oppose a motion to modify this Protective Order.

IT IS SO ORDERED.

Dated: December 10, 2025          s/F. Kay Behm
                                  F. Kay Behm
                                  United States District Judge


The undersigned parties agree and stipulate to entry of the above Stipulated Protective Order.

Date: December 10, 2025           /s/Miranda M. Boulahanis (w/consent)
                                  Miranda M. Boulahanis
                                  *Attorney for Plaintiff*


Date: December 10, 2025           /s/Michael R. Dean
                                  Michael R. Dean
                                  *Attorney for Defendant*